

**FILED & ENTERED**

MAR 09 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>JENNIFER A. RIZZO,<br><br>Debtor. | Case No. 2:13-bk-30580-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION DENYING: (1) MOTION TO REOPEN DEBTOR'S BANKRUPTCY CASE, (2) MOTION FOR AN ORDER DIRECTING RULE 2004 EXAMINATION, AND (3) MOTION FOR REVOCATION OF DISCHARGE**<br><br>DATE:    July 28, 2015<br>TIME:    2:30 p.m.<br>PLACE:  Courtroom 1675<br>              255 East Temple Street<br>              Los Angeles, CA  90012 |

Pending before the court are the "Motion to Reopen the Bankruptcy of Jennifer A. Rizzo; Motion for an Order Directing Rule 2004 Examination of Jennifer A. Rizzo [Hendrickson]; Motion for Revocation of Chapter 7 Bankruptcy; Points and Authorities" (collectively the "Motions"), ECF 65, filed by Michael Rizzo ("Mr. Rizzo"), the former spouse of Debtor Jennifer A. Rizzo ("Debtor").

1   Mr. Rizzo filed four declarations in support of the Motions, ECF 67, 72, 74 and 89.
2   Debtor filed an opposition to the Motions, ECF 70, and evidentiary objections to the
3   Motion, ECF 71. Debtor's brother, Peter Hendrickson ("Mr. Hendrickson"), filed a joinder
4   to the Motion ("Joinder"). ECF 73. Mr. Rizzo filed both a reply and evidentiary objections
5   to the opposition, ECF 75 and 76, respectively. On July 28, 2015, the court held a
6   hearing on the Motions.
7   At the July 28, 2015 hearing, Mr. Rizzo appeared on behalf of himself, Allan D.
8   Sarver appeared on behalf of Debtor, and Mr. Hendrickson appeared on behalf of
9   himself. Following the July 28, 2015 hearing, the court authorized the parties to file
10  further supplemental briefing. On August 3, 2015, Allan D. Sarver filed a declaration.
11  ECF 81. On August 11, 2015, Mr. Rizzo filed a supplemental brief, ECF 82, and on
12  August 24, 2015, Debtor filed a supplemental reply brief, ECF 87. After Mr. Rizzo and
13  Debtor filed their supplemental briefing, the court took the Motions under submission.
14  Having considered the moving and opposing papers, the exhibits and declarations
15  attached therein, the parties' oral arguments and admissions at the July 28, 2015
16  hearing, the parties' supplemental briefs, and the record before the court, the court rules
17  as follows.
18  Under Local Bankruptcy Rule 5010-1(a), "The motion [to reopen a closed
19  bankruptcy case] must not contain a request for any other relief." Further, under Local
20  Bankruptcy Rule 5010-1(b), "A request for any relief other than the reopening of a case,
21  including relief based upon the grounds for reopening the case, must be made in a
22  separate motion or adversary proceeding, which may be filed concurrently with the
23  motion to reopen."
24  In addition to the Motion requesting to reopen Debtor's bankruptcy case ("Motion
25  to Reopen"), another motion seeks an order directing an examination of Debtor under
26  Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004 Motion") and a third
27  motion seeks an order revoking Debtor's discharge under 11 U.S.C. § 727(d) ("Discharge
28

1  Revocation Motion"). Pursuant to Local Bankruptcy Rules 5010-1(a) and (b), the court
2  denies both the request for an order directing a Rule 2004 examination of Debtor in the
3  Rule 2004 Motion and the request for revocation of discharge under 11 U.S.C. § 727(d)
4  in the Discharge Revocation Motion because such requests must be made by a separate
5  motion from a motion to reopen a closed bankruptcy case, the Motion to Reopen.
6  Although the court affords some latitude to Mr. Rizzo given his self-represented litigant
7  status, the court denies the Rule 2004 Motion and the Discharge Revocation Motion
8  without prejudice because it is inappropriate for the court to review the underlying merits
9  of a request for a Rule 2004 examination and a request to revoke a discharge under 11
10  U.S.C. § 727(d) before a bankruptcy case is reopened. *See* 4 March, Ahart and Shapiro,
11  *California Practice Guide: Bankruptcy*, ¶ 23:151 at 23-19 (2015), *citing inter alia*, *In re*
12  *Menk*, 241 B.R. 896, 913 (9th Cir. BAP 1999) ("[T]he reopening of a closed bankruptcy
13  case is a ministerial act that functions primarily to enable the file to be maintained by the
14  clerk as an active matter and that, by itself, lacks independent legal significance and
15  determines nothing with respect to the merits of the case.").
16      As a preliminary matter, regarding the Motion to Reopen is brought to reopen
17  Debtor's bankruptcy case in order to allow Mr. Rizzo to seek a revocation of Debtor's
18  discharge under 11 U.S.C. § 727(d), the timeliness of a revocation request is governed
19  by 11 U.S.C. § 727(e). Under 11 U.S.C. § 727(e), a creditor may request a revocation of
20  a discharge under 11 U.S.C. § 727(d)(1) within one year after the discharge is granted, or
21  under 11 U.S.C. §§ 727(d)(2) or (3) before the later of one year after the discharge was
22  granted and the date the case is closed. Although the Discharge Revocation Motion
23  does not clearly state under what 11 U.S.C. § 727(d) subsection the revocation request is
24  being brought, because it was brought on May 26, 2015, ECF 65, Debtor's bankruptcy
25  discharge was entered on June 11, 2014, ECF 32, and Debtor's bankruptcy case was
26  closed on June 13, 2014, ECF 33, the court determines that under 11 U.S.C. §§
27
28

3

727(d)(1), (2) or (3), notwithstanding the above-described procedural deficiencies, the request for revocation of Debtor's discharge was timely.

Regarding Mr. Rizzo's Motion to Reopen requesting to reopen Debtor's bankruptcy case, that motion is governed by 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure Rule 5010. The court has broad discretion regarding whether it should reopen a closed bankruptcy case. *In re Elias*, 188 F.3d 1160, 1161 (9th Cir. 1999); *In re Lopez*, 283 B.R. 22, 26 (9th Cir. BAP 2002); *In re Menk*, 241 B.R. at 915; *see also*, 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 23:217.1 at 23-26, *citing, Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010).

Under 11 U.S.C. § 350(b), "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Mr. Rizzo's Motion to Reopen does not request the administration of assets, nor does it seek to accord relief to Debtor. Instead, the Motion to Reopen is based on "other cause," and includes requests to revoke Debtor's discharge and to conduct a Rule 2004 examination, apparently based on Debtor's alleged fraud. "The Bankruptcy Code does not define 'other cause.' Therefore, whether sufficient 'cause' exists to reopen is left to the broad discretion of the bankruptcy court, 'which may consider numerous factors including equitable concerns . . . .'" 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 23:95 at 23-11, *citing, Matter of Bianucci,* 4 F.3d 526, 528 (7th Cir. 1993); *In re Ashe,* 228 B.R. 457, 461 (C.D. Cal. 1998); and *In re Emmerling*, 223 B.R. 860, 864 (2nd Cir. BAP 1997). Such factors include: "the length of time the case has been closed (laches); whether the debtor would be entitled to relief if the case were reopened; and the availability of nonbankruptcy courts (e.g., state courts) to entertain the claim." 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 23:96 at 23-11, *citing inter alia, Redmond v. Fifth Third Bank,* 624 F.3d at 798.

Nonetheless, before the court can evaluate whether such cause exists, as in every federal case, the court must determine whether there is standing to entertain the Motion

4

1  to Reopen.  *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498-518 (1975).  A party's failure to
2  establish standing is sufficient grounds for denial of a motion to reopen a bankruptcy
3  case.  *Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.),* 71 F.3d 353, 356 (10th
4  Cir. 1995); *see also,* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*,
5  ¶ 23:130:1 at 23-16 ("A motion to reopen a bankruptcy case is properly denied where the
6  bankruptcy court has no jurisdiction to grant the underlying relief requested in the
7  motion") *citing, In re Ray*, 624 F.3d 1124, 1136 (9th Cir. 2010).   Accordingly, the court
8  considers whether both Mr. Rizzo and Mr. Hendrickson, who joined the Motion to
9  Reopen, have standing.
10        Federal Rule of Bankruptcy Procedure 5010 states: "A case may be reopened on
11 motion of the debtor or other party in interest pursuant to 11 U.S.C. § 350(b) of the
12 Code."  "'Party in interest,' although not specifically defined, is broadly construed, and
13 includes the United States trustee, the trustee and creditors.  Parties not creditors of the
14 debtor are not usually parties in interest."  9 Resnick and Sommer, *Collier on Bankruptcy*,
15 ¶ 5010.02[4] at 5010-5 and n. 18 (16th ed. 2015) , *citing inter alia, Nintendo Co., Ltd. v.*
16 *Patten (In re Alpex Computer Corp.), supra.*   The Bankruptcy Code does not define
17 "party in interest" for purposes of 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy
18 Procedure Rule 5010.  Nonetheless, whether one has standing for purposes of 11 U.S.C.
19 § 350(b) and Federal Rule of Bankruptcy Procedure 5010 is logically tethered to whether
20 one has standing to request the underlying substantive relief.  9 Resnick and Sommer,
21 *Collier on Bankruptcy*, ¶ 5010.02[4] at 5010-5 and nn. 19 and 20 (citations omitted) ("[t]he
22 type of substantive relief requested is relevant to the issue of whether one has standing
23 to move to reopen or object to the reopening of the case.")
24        Mr. Rizzo's Motion to Reopen is brought in order to allow him to seek a Rule 2004
25 examination of Debtor and a revocation of Debtor's discharge under 11 U.S.C. § 727(d).
26 A party in interest for a Rule 2004 examination generally includes the bankruptcy trustee,
27 the United States trustee, creditors, the debtor, entities related to the debtor, and persons
28

5

obligated to the debtor. See 9 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 2004.02[6] at 2004-10 and nn. 29-31, *citing inter alia In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) and *In re Youk-See*, 2011 Bankr.LEXIS 2326 (Bankr. D. Mass. 2011). Under 11 U.S.C. § 727(d), only a trustee, creditor, or the United States trustee may request revocation of a discharge. It is undisputed that Mr. Rizzo is not the United States trustee, the trustee, the debtor, an entity related to the debtor, nor a person obligated to the debtor. Accordingly, for Mr. Rizzo to have standing to reopen Debtor's case, he must be a creditor of Debtor.

"A 'creditor' is an entity that has: a prepetition claim against the debtor; a claim against the debtor's estate under 11 U.S.C. §§ 348(d), 502(f), (g), (h), or (i); or a community claim." 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 17:57 at 17-6, *citing* 11 U.S.C. § 101(10). Further, under 11 U.S.C. § 101(5), a "claim" is defined as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Debtor's original Schedule F, Creditors Holding Unsecured Nonpriority Claims, filed on August 15, 2013 with her Chapter 7 bankruptcy petition, listed Mr. Rizzo as an unsecured creditor with a $59,000 unsecured claim for "Personal" consideration incurred in June 2012. ECF 1. Debtor's first amended Schedule F, filed on November 18, 2013, listed Mr. Rizzo as an unsecured creditor with a $58,000 unsecured claim for "Post Marital Assets" incurred in May of 2013. ECF 12. Debtor's second amended Schedule F, filed on January 3, 2014, only listed one unsecured creditor and did not list Mr. Rizzo as an unsecured creditor. ECF 15.

On September 12, 2013, at Debtor's initial 11 U.S.C. § 341(a) meeting of creditors, Mr. Rizzo admitted that he was not a creditor of Debtor's bankruptcy estate. Exhibit G to Opposition at 72-73, Transcript of 11 U.S.C. § 341(a) Meeting of Creditors, September 12, 2013, at 6-7. Mr. Rizzo stated "I'm not a creditor, and I don't know why I'm listed as a creditor" and "[t]his loan – it's not a loan. I have extensive documentation that shows that it's not a loan." Exhibit G to Opposition at 72-74, Declaration of Jennifer Rizzo at 6-8.

At the hearing on the Motions on July 28, 2015, and through his reply to Debtor's opposition, ECF 75, and supplemental brief, ECF 82, Mr. Rizzo, failing to address his prior admission at the initial 11 U.S.C. § 341(a) meeting of creditors, argued that he is a creditor because Debtor listed Mr. Rizzo as a creditor in Debtor's original Schedule F, Debtor's first amended Schedule F, and Debtor's so-called "secret and hidden declaration." Notwithstanding that Debtor filed a second amended Schedule F on January 13, 2014, which removed Mr. Rizzo from Schedule F, he argues that Debtor's prior listing of him on her original and first amended Schedule F, and her so-called "secret and hidden declaration" constitutes an "admission" that Mr. Rizzo is a creditor of her bankruptcy estate.

First the court observes that Mr. Rizzo's argument that Debtor listed him as a creditor in her so-called "secret and hidden declaration" has no evidentiary support. The so-called "secret and hidden declaration," attached as an exhibit to Mr. Rizzo's declaration, unequivocally contains no such express statement, nor a statement from which such an allegation can be inferred. *See* Exhibit 2 to Declaration of Michael Rizzo, ECF 67, Declaration of Jennifer Rizzo, dated November 25, 2013. Second, under Federal Rule of Bankruptcy Procedure 1009(a), " . . . a schedule . . . may be amended as *a matter of course* at any time before the case is closed," a logical and common practice in this court because debtors may need to correct errors and omissions in their schedules. Fed. R. Bankr. P 1009(a)(emphasis added); *see also, In re De Jounghe,* 334 B.R. 760, 767 (1st Cir. BAP 2005) ("Generally, errors and omissions in a debtor's

7

schedules and statements may be remedied by amendment pursuant to Bankruptcy Rule 1009(a).").

     Debtor's declaration, attached to her supplemental reply brief, ECF 87, states that she filed her first amended Schedule F by listing Mr. Rizzo as an unsecured creditor with a $58,000 unsecured claim for "Post Marital Assets" incurred in May of 2013 because of a May 19, 2013 email Debtor received from Mr. Rizzo. Declaration of Jennifer Rizzo attached to Supplemental Reply Brief, ECF 87 at 7. In that email, Mr. Rizzo writes "perhaps you would like to talk this week about the $58,000 in post-marital assets that you have already received from me after we separated?" Exhibit J to Supplemental Reply Brief, ECF 87 at 10, Email from Mike Rizzo to Jennifer Rizzo, May 19, 2013. According to Debtor, she feared that failure to amend her Schedule F to include the $58,000 unsecured claim for "Post Marital Assets" would have been argued by Mr. Rizzo as another error that she intentionally made in her bankruptcy schedules. Declaration of Jennifer Rizzo attached to Supplemental Reply Brief, ECF 87 at 7. Thus, Debtor states that she filed her first amended Schedule F to include that claim out of an abundance of caution, and that she subsequently filed her second amended Schedule F removing Mr. Rizzo from her Schedule F because Debtor believes that he does not have a claim against her, that is, failing to remove him from Schedule F would be an error as in *In re De Jounghe*. *Id.* The court determines that Debtor's explanation on these points in her declaration to be reasonable and to be consistent with the other evidence in the record on the Motion. The court observes that Debtor's rationale for initially listing Mr. Rizzo in her original and first amended Schedule F, and then subsequently removing him from her second amended Schedule F is corroborated by his admissions at the initial 11 U.S.C. § 341(a) meeting of creditors that he was not a creditor and by his May 19, 2013 email to Debtor, and based on undisputed evidence that Mr. Rizzo is not a creditor. Accordingly, the court determines that Debtor's initial act of listing Mr. Rizzo on her original and first amended Schedule F as a creditor does not establish that he is a creditor of Debtor's

bankruptcy estate, but the undisputed evidence in the record instead supports the conclusion that Mr. Rizzo is not a creditor of Debtor's bankruptcy estate.

Notwithstanding Debtor's act of removing Mr. Rizzo as a creditor from her Schedule F, her position that he is not a creditor is supported by his failure in the proceedings on the Motion to explain what his claim against Debtor is based upon despite opportunities to explain his claim, such as in in his reply to Debtor's opposition, ECF 75, and his supplemental brief, ECF 82, as well as at the hearing on the Motion on July 28, 2015.

The court further observes that a review of the evidentiary record indicates that any claim Mr. Rizzo may have had against Debtor was likely settled through their marital dissolution proceedings. On December 11, 2012, the Superior Court of California, County of Los Angeles, entered a judgment of martial dissolution of Mr. Rizzo's and Debtor's marriage, which resolved all claims they had against each other prior to entry of the judgment. *See* Exhibit K to Supplemental Reply Brief, ECF 87, Judgment, Marriage of Rizzo, No. BD 532436 (Superior Court of California, County of Los Angeles, filed on December 11, 2012). The parties' marital dissolution judgment included the following provisions:

> 10.1.7 [a]ll claims for reimbursement from the other party and/or community estate regarding loans or payments made to or on behalf of the parties and/or the community estate prior to or subsequent to the date of separation through the date of entry of the Judgment herein.
>
> 10.1.8 The Court finds that the parties understand and agree that the released claims are intended to and do include all claims, known or unknown, suspected or unsuspected, foreseen or unforeseen, which either Petitioner or Respondent have or may have against the other arising out of or relating to any transaction or even that occurred prior to the date of this Judgment, and Petitioner and Respondent hereby acknowledge that they expressly waive any and all rights or benefits they have or may have under Section 1542 of the California Civil Code . . . .
>
> 12.1 . . . Except as otherwise provided in this Judgment, each party has released the other from any and all liabilities, debts or obligations that have been or will be incurred, and each party is ordered to indemnify and hold the other free and harmless therefrom.

*Id.* Based on this evidence, the court determines that Mr. Rizzo did not have a claim, or right to payment, from Debtor as of December 11, 2012, the date their marital dissolution judgment was entered.

Moreover, the court determines that Mr. Rizzo has not produced evidence of any post-marital dissolution judgment claim against Debtor. First, as noted previously, Mr. Rizzo admitted at the initial 11 U.S.C. § 341(a) meeting of creditors on September 12, 2013, about nine months after the marital dissolution judgment was entered, that he was not a creditor of Debtor's bankruptcy estate. Exhibit G to Opposition at 72-74, Transcript at 6-8. Second, the December 11, 2012 marital dissolution judgment ordered that "each party not to incur any debt, liability or obligation as to which the other is or may be liable. All liabilities and obligations hereafter incurred by either party shall be the sole obligation of the party incurring said liabilities and obligations." *See* Exhibit K to Supplemental Reply Brief, ECF 87 at 33, Judgment, Marriage of Rizzo, No. BD 532436 (Superior Court of California, County of Los Angeles, filed on December 11, 2012), at 19, ¶ 12.1. Third, Debtor's declaration attached to her supplemental reply brief, ECF 87, and the representations of Mr. Sarver, Debtor's bankruptcy counsel, at the hearing on the Motions on July 28, 2015 stated that Debtor believes that Mr. Rizzo does not have a claim against her. Fourth, Mr. Rizzo has failed to explain the basis for any such claim pursuant to 11 U.S.C. § 101(5). Accordingly, based upon Mr. Rizzo's admission at the initial 11 U.S.C. § 341(a) meeting of creditors, the state court's marital dissolution judgment of December 11, 2012, Debtor's testimony, and Mr. Rizzo's failure to explain the basis for any claim against her bankruptcy estate pursuant to 11 U.S.C. § 101(5), the court determines that Mr. Rizzo has not met his burden of establishing that he is a creditor of Debtor's bankruptcy estate and that he lacks standing to move to reopen her bankruptcy case under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010.

Main Document    Page 11 of 14

Regarding Mr. Hendrickson's Joinder, ECF 73, through which Mr. Hendrickson seeks to join Mr. Rizzo's motion to reopen Debtor's bankruptcy case and Mr. Rizzo's motion for an order directing a Rule 2004 examination of Debtor, ECF 65, the court must also consider whether Mr. Hendrickson has standing to join these motions. Because it is undisputed that Mr. Hendrickson is not the United States trustee, the trustee, the debtor, an entity related to the debtor, nor a person obligated to the debtor, in order for Mr. Hendrickson to have standing, Mr. Hendrickson must be a creditor of Debtor. 9 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 2004.02[6] at 2004-10 and nn. 29-31, *citing inter alia, In re Summit Corp.*, 891 F.2d at 5 and *In re Youk-See*, 2011 Bankr.LEXIS 2326. Because Mr. Hendrickson represented to the court at the hearing on the Motion on July 28, 2015 that his pre-petition claim against Debtor's bankruptcy estate has been paid in full, the court determines that Mr. Hendrickson is thus no longer a creditor of Debtor's bankruptcy estate and lacks standing to join the Motion. Audio File of Admission of Mr. Hendrickson at Hearing on the Motion, July 28, 2015, at 2:58-3:01 p.m. The court also observes that Mr. Hendrickson, through the Joinder and at the hearing on the Motions on July 28, 2015, argued that he has standing as a creditor because of claims Mr. Hendrickson's mother has against Debtor. Joinder at 2; Audio File of Argument of Mr. Hendrickson at Hearing on the Motion, July 28, 2015, at 3:01-3:02 p.m. Nonetheless, as stated by the court at the hearing on July 28, 2015, if Mr. Hendrickson's mother has such a claim against Debtor, for purposes of bringing the Motions, that claim would confer standing upon Mr. Hendrickson's mother and not upon Mr. Hendrickson himself. *Id.* Accordingly, because Mr. Hendrickson does not currently have a claim against Debtor's bankruptcy estate, the court determines that Mr. Hendrickson also lacks standing as a creditor to bring the Motions.

In addition to lack of standing, based on the doctrine of laches, the court also determines that there is a lack of "other cause" under 11 U.S.C. § 350(b) to reopen Debtor's bankruptcy case. *See Matter of Bianucci*, 4 F.3d at 528; *In re Emmerling*, 223

B.R. at 864-865.  Under the doctrine of laches, "reopening may be denied where a delay in bringing the motion prejudices the opposing party." 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 23:93:1 at 23-10, *citing, In re Emmerling*, 223 B.R. at 864-865.  "[T]he longer the time between closing of the estate and the motion to reopen, the more compelling should be the reason for reopening the case."  *Id.*, ¶ 23:97 at 23-11, *citing, In re Apex Oil Co., Inc.*, 406 F.3d 538, 543 (8th Cir. 2005).  Nonetheless, "[t]he mere lapse of time, however, does not establish laches.  Therefore, in the absence of some *meaningful prejudice* to the opposing party, it may be an abuse of discretion to bar reopening a closed case." 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 23:97.1 at 23-11(emphasis in original), *citing, In re Emmerling*, 223 B.R. at 865.

Debtor's bankruptcy case was closed on June 13, 2014.  ECF 33.  Mr. Rizzo filed his first motion to reopen Debtor's bankruptcy case on August 15, 2014 in order to file and "reveal" Debtor's so-called "secret and hidden declaration." ECF 39.  Mr. Rizzo's first motion to reopen Debtor's bankruptcy case was subsequently denied by order entered on September 18, 2014. ECF 60.  Despite receiving a copy of Debtor's so-called "secret and hidden declaration" on October 20, 2014, which allegedly failed to answer Mr. Rizzo's outstanding questions, Motion at 2, he then waited over eight months to file the instant Motion.

The court determines that the eight-month delay between the denial of Mr. Rizzo's first motion to reopen Debtor's case and the filing of the Motion, as well as other delays, constitutes prejudice against Debtor.  The court observes that Mr. Rizzo had ample opportunity to bring an action under 11 U.S.C. § 727(d) against Debtor.  Mr. Rizzo received the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, which, based upon the BNC Certificate of Notice, was mailed to Mr. Rizzo on August 17, 2013.  ECF 5.  Further, Mr. Rizzo appeared at the first 11 U.S.C. 341(a) meeting of creditors on September 12, 2013.  Opposition, Exhibit G, Transcript.  As previously

stated, the Motion seeks to reopen Debtor's bankruptcy case so Mr. Rizzo can bring an 11 U.S.C. § 727(d) action against Debtor based on Debtor's alleged fraud. Nonetheless, the court observes that based upon a September 22, 2013 email which Mr. Rizzo sent to the office of Alfred Siegel, the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate, which alleges "asset concealment, debt manipulation, missing assets and missing statements" against Debtor, all of which could serve as a basis for an 11 U.S.C. § 727(d) action, Mr. Rizzo appears to have unnecessarily delayed in bringing the first motion to reopen Debtor's bankruptcy and the instant Motion to Reopen. Second Declaration of Michael Rizzo, ECF 72, Exhibit 7.

The court also determines that the Motion to Reopen constitutes meaningful prejudice against Debtor because of the continued financial and emotional expense inflicted on Debtor. Notwithstanding the judgment for dissolution of the marriage of Mr. Rizzo and Debtor, resolving any and all marital claims, being entered on December 11, 2012, over two and a half years before the Motion was filed, and despite not having a claim and being a creditor of Debtor's bankruptcy estate, Mr. Rizzo has pursued continuing and protracted litigation against Debtor by filing a motion for extension of time to object to her discharge, ECF 17, a "Motion for Revelation and Filing of Secret and Hidden Declaration in the Bankruptcy of Jennifer A. Rizzo," ECF 35, and two motions to reopen Debtor's bankruptcy case, ECF 45 and 65. In addition to the emotional expense that further protracted litigation by her former spouse, Mr. Rizzo, will inflict on Debtor, the court determines that further litigation between Debtor and Mr. Rizzo will also financially prejudice her by impeding her ability to obtain a fresh start. Based upon the above-described emotional and financial prejudice to Debtor, under the doctrine of laches, the court determines there is a lack of "other cause" to reopen Debtor's bankruptcy case under 11 U.S.C. § 350(b) and therefore, denies the Motion to Reopen on this basis as well.

1	For the foregoing reasons, the Motion to Reopen, the Rule 2004 Motion and the
2	Discharge Revocation Motion should be denied.  A separate order denying the Motions is
3	being entered concurrently.
4	IT IS SO ORDERED.
5	###

23	Date: March 9, 2016
24	Robert Kwan
	United States Bankruptcy Judge