FILED & ENTERED

MAR 09 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re: | Case No. 2:13-bk-30580 RK |
|---|---|
| JENNIFER A. RIZZO, | Chapter 7 |
| Debtor. | **ORDER DENYING DEBTOR'S EX PARTE MOTION TO STRIKE PLEADING ENTITLED PLAINTIFF'S EMERGENCY DECLARATION AND REQUEST FOR ISSUANCE OF ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR WILLFUL VIOLATION OF PRIOR SCHEDULING ORDER** |

Pending before the court is the ex parte motion of debtor Jennifer A. Rizzo ("Debtor") "to Strike Pleading Entitled Plaintiff's Emergency Declaration [and] Request for Issuance of Order to Show Cause Why Sanctions Should Not Be Imposed for Wilful [sic] Violation of Prior Scheduling Order" (the "Motion to Strike"), which was set for hearing before the court on November 17, 2015 at 2:30 p.m.  ECF 90 and 96.  Michael Rizzo ("Mr. Rizzo") filed a response to the Motion to Strike, ECF 97, and Debtor filed a reply, ECF 99.

1	The Motion to Strike relates to other matters filed in Debtor's bankruptcy case by
2	Mr. Rizzo, which are his "Motion to Reopen the Bankruptcy of Jennifer A. Rizzo; Motion
3	for an Order Directing Rule 2004 Examination of Jennifer A. Rizzo [Hendrickson]; Motion
4	for Revocation of Chapter 7 Bankruptcy; Points and Authorities" ("Mr. Rizzo's Motions").
5	ECF 65.  On July 28, 2015, this court held a hearing on Mr. Rizzo's Motions, and
6	following that hearing, the court authorized the parties to file further supplemental briefing
7	on these motions.  On August 3, 2015, Debtor's Counsel, Allan D. Sarver filed a
8	declaration related to Mr. Rizzo's Motions.  ECF 81.  On August 11, 2015, Mr. Rizzo filed
9	a supplemental brief related to his motions.  ECF 82.  On August 12, 2015, the court
10	entered a scheduling order regarding the further briefing schedule on Mr. Rizzo's
11	Motions.  ECF 84.  On August 24, 2015, Debtor filed a supplemental reply brief related to
12	the Mr. Rizzo's Motions.  ECF 82.  After Mr. Rizzo and Debtor filed their supplemental
13	briefing, the court took Mr. Rizzo's Motions under submission.
14	Despite Mr. Rizzo's Motions being taken under submission, on October 13, 2015,
15	Mr. Rizzo filed his "Plaintiff's Emergency Declaration," ECF 89, which is the subject of the
16	Motion to Strike.  On November 12, 2015, because the court had yet to rule on Mr.
17	Rizzo's Motions, which were pending under submission, the court issued an order on the
18	Motion to Strike, which dispensed with oral argument on the Motion, vacated the
19	November 17, 2015 hearing on the Motion to Strike, and stated that the court would issue
20	an order on the Motion to Strike based on the pleadings following a ruling on Mr. Rizzo's
21	Motions.  Now that the court has entered an order ruling on Mr. Rizzo's Motions, the court
22	now rules on the Motion to Strike.
23	Having considered the moving and opposing papers, the court rules as follows.
24	Through the Motion to Strike, Debtor argues that because "Plaintiff's Emergency
25	Declaration," ECF 89, violates the court's scheduling order, ECF 84, "Plaintiff's
26	Emergency Declaration" should be stricken from the record, and either sanctions under
27	Federal Rule of Bankruptcy Rule 9011 should be imposed on Mr. Rizzo, or the court
28	

2

1  should issue an Order to Show Cause why sanctions should not be imposed against him
2  for willful violation of the court's scheduling order.
3      Contrary to Debtor's argument in the Motion to Strike, while the scheduling order,
4  ECF 84, provided that Mr. Rizzo was ordered to file a supplemental brief and Debtor was
5  ordered to file a response to his supplemental brief, the scheduling order did not
6  expressly limit whether Debtor and Mr. Rizzo could file additional papers.  Further, based
7  on the court's review of the proceedings at the July 28, 2015 hearing on Mr. Rizzo's
8  Motions, the court did not address whether the parties could file papers outside of
9  Debtor's supplemental brief and Debtor's response thereto.  Audio File of Hearing on Mr.
10 Rizzo's Motions, July 28, 2015, at 2:44 – 3:14 p.m.   Therefore, the court determines that
11 under these circumstances, it is not appropriate to strike "Plaintiff's Emergency
12 Declaration" and impose sanctions against him for filing this pleading, and in this regard,
13 the court accords some latitude to Mr. Rizzo's status as a self-represented litigant and
14 determines that his procedural due process rights might be implicated if the court strikes
15 his so-called "emergency" declaration and imposes sanctions against him since the court
16 did not make it clear that he may not file additional papers and thus, it is not clear that he
17 willfully disobeyed the court's scheduling order in filing the additional pleading.   The court
18 also observes that like Mr. Rizzo, who, after the July 28, 2015 hearing, filed both a
19 supplemental brief and a declaration, Allan D. Sarver, Debtor's counsel, after the July 28,
20 2015 hearing, also filed both a supplemental brief and a declaration, which, like Mr.
21 Rizzo's supplemental pleadings offending Debtor, were not expressly permitted.  The
22 court should apply the law consistently.  *See, e.g.,* Marcus Terentius Varro,
23 BrainyQuote.com ("What is sauce for the goose is sauce for the gander."), *reprinted at*
24 *http://www.brainyquote.com/quotes/quotes/m/marcustere145358.html* (accessed on
25 March 9, 2016).
26 ///
27 ///
28

3

1       Accordingly, the court hereby DENIES the Motion to Strike.

2       IT IS SO ORDERED.

3                                    ###

Date: March 9, 2016

_____
Robert Kwan
United States Bankruptcy Judge